**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HILLARY B. MAGNANINI, and her husband, ROBERT A. MAGNANINI, individually and as g/a/l for C.M., <br><br> Plaintiffs, <br><br> v. <br><br> AETNA LIFE INSURANCE COMPANY, et al., <br><br> Defendants. | Civ. No. 18-2758 (KM) <br><br> OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

Hillary and Robert Magnanini bring this action on behalf of their daughter, C.M. They sue Aetna Life Insurance Company, their medical insurer, for reimbursement in connection with surgery undergone by C.M. This is primarily an action under section 502(a) of ERISA, 29 U.S.C. § 1132(a), but the complaint also contains four state common law claims. The matter comes before the court on the motion of the defendant, Aetna, to dismiss the complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons expressed herein, the motion is granted in part and denied in part.

The Complaint alleges that that C.M. had a bone condition that resulted in one arm's being three inches shorter than the other. Dr. Robert Rozbruch, M.D., of the Hospital for Special Surgery and New York Presbyterian Hospital, performed surgery to correct the condition. Before the surgery, the plaintiffs sought guidance from an Aetna representative, who said their Plan would cover the cost. After the surgery, Aetna reneged, first completely, and then partially. The plaintiffs sue for the unreimbursed amount.

1

## I. Legal Standard

Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss, a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) ("reasonable inferences" principle not undermined by later Supreme Court *Twombly* case, *infra*).

Fed. R. Civ. P. 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' ... it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678 (2009).

## II. Analysis

### A. Count 1 - ERISA and Exhaustion of Remedies

An ERISA plan participant has the right to bring a civil action "to recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] future benefits under the terms of the

2

plan." ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). Prior to filing a claim in federal court under ERISA, a party typically must exhaust the administrative remedies available under the plan. *Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 249 (3d Cir. 2002) (citations omitted). Aetna moves to dismiss Count 1, arguing that it fails to adequately allege that the plaintiffs exhausted their administrative remedies before suing.

To begin with, exhaustion is a nonjurisdictional affirmative defense, which need not be pled in the Complaint at all. *See Metro Life Ins. Co. v. Price*, 501 F.3d 271, 280 (3d Cir. 2007). The burden of pleading and proving non-exhaustion is on the defendant. *Deblasio v. Cent. Metals, Inc.*, No. 1:13-cv-5282 (NLH/AMD), 2014 WL 2919557, at *3 (D.N.J. June 27, 2014) (citing *Jakimas v. Hoffmann–La Roche, Inc.*, 485 F.3d 770, 782 (3d Cir.2007) (citing Fed. R. Civ. P. 8(c)).

In addition, the Complaint adequately sets forth that administrative remedies were exhausted or, in the alternative, that exhaustion would be futile.

The exhaustion requirement is satisfied, for example, if either (a) the participant has filed an administrative appeal from the denial of benefits, but the plan provider denied the appeal; or (b) the participant has filed an administrative appeal from the denial of benefits, but the plan provider has failed to timely decide it. *See Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 144 (1985); *see also* 29 C.FP.R. § 2560.503-1(l) ("In the case of the failure of a plan to ... follow claims procedures consistent with the [timeliness] requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies.")

The Complaint alleges that, when the plaintiffs learned (post-surgery) that Aetna would not cover the procedure, they took appropriate steps. They filed a Level One Appeal from the denial of coverage, but the appeal was denied—not within 10 days, as the Plan required, but only after 70 days. (Cplt. ¶¶26–27) They then filed a Level Two Appeal, which was denied. (Cplt. ¶¶ 27–

3

28) In telephone calls, an Aetna representative said Aetna had never completed its review. The plaintiffs also claim that they did not receive proper notice of a final decision. See 29 U.S.C. § 1133(1); 29 C.F.R. § 2560.503-1(g)(i)–(iv).

Plaintiffs argue more generally that any further resort to the administrative process would be futile. Such a contention requires the court to weigh many factors, including "(1) whether plaintiff diligently pursued administrative relief; (2) whether plaintiff acted reasonably in seeking immediate judicial review under the circumstances; (3) existence of a fixed policy denying benefits; (4) failure of the insurance company to comply with its own internal administrative procedures; and (5) testimony of plan administrators that any administrative appeal was futile." *Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 250 (3d Cir. 2002)). At least in the context of the allegations of this Complaint, that is a fact-bound inquiry, requiring a discretionary determination by the Court.

The motion to dismiss Count 1 is denied.

### B. Count 5 - Fraud and preemption

Count 5 of the Complaint alleges common law fraud. Aetna, it alleges, fraudulently induced them to incur expenses based on the representation that they would be covered. Aetna's motion to dismiss contends that this claim is completely preempted by ERISA, and therefore should be dismissed.[1]

In response, the plaintiffs cite case law to the effect that "making 'fraudulent or misleading statements to induce participation in an ERISA plan' subjects individuals to state law liability." *Bar-David v; Op. Econ. Concepts, Inc.*, 48 F. Supp. 3d 759, 765 (D.N.J. 2014) (quoting *Nat'l Sec. Sys. v. Iola*, 700 F.3d 65, 84 (3d Cir. 2012)). Such "pre-plan fraudulent inducement claims" are not preempted. *Id.*

---

[1] Counts 2, 3, and 4 of the Complaint also plead state law claims. In their response to the motion to dismiss, the plaintiffs concede that these are preempted. (Pl. Br. 16 n.2, ECF no. 14) The motion to dismiss Counts 2, 3, and 4 will therefore be granted.

4

In their brief, the plaintiffs state that the motion to dismiss should be denied because they have alleged such a claim of "pre-plan common-law fraud." (Pl. Br. 17, citing Cplt. ¶¶ 67–75) The Complaint does not contain any such pre-plan allegation. Even if such a claim had been factually alleged in the plaintiffs' brief—and I do not believe it has—such statements would not save a defective complaint. *See Pennsylvania ex. rel Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.")

The motion to dismiss Count 5 is therefore granted.

### III. Conclusion

For the reasons set forth above, the motion (ECF no. 8) to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) is **DENIED** as to Count 1, but **GRANTED** as to Counts 2, 3, 4, and 5. An appropriate order will issue.

_____
**KEVIN MCNULTY, U.S.D.J.**

Date: August 28, 2018